UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P9-M

JOE ALEXANDER BROWDER, JR.                                    PLAINTIFF

v.

NANCY ANKROM *et al.*                                       DEFENDANTS

### MEMORANDUM OPINION

On July 20, 2006, the Court entered an order granting summary judgment in favor of Defendants on all of Plaintiff's claims except Plaintiff's official capacity Fourteenth Amendment claim that his blood pressure was not monitored while he was being held in the Daviess County Detention Center.  It appeared to the Court that Plaintiff might be attempting to hold Defendants liable for the failure to monitor his blood pressure based on a failure-to-train theory.  However, because neither party sufficiently addressed this claim in their summary judgment briefs, the Court ordered the parties to file supplemental memoranda on this claim.  The parties have now completed the additional briefing, and this matter is once again before the Court.  For the reasons set forth below, the Court will grant Defendants summary judgment on this claim.

### I.  Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party's burden may be discharged by demonstrating that there is an absence

of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof.  *Id.* at 325.

Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his or her case with respect to which he or she bears the burden of proof.  *Id*. at 322.  The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  "Although the nonmoving party 'may not rest upon the mere allegations or denials' of his pleading, Fed. R. Civ. P. 56(e), a verified complaint or additional affidavit . . . satisfies the burden of the nonmovant to respond."  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.  Factual Background

The complete factual background of this case is set forth in the Court's prior memorandum and opinion (DN 68).  As such, the Court will address here only those facts relevant to the claim at issue.

On September 25, 2004, Plaintiff was lodged in the Daviess County Detention Center as a pretrial detainee following his arrest for unspecified charges.  At the time of his arrest, Plaintiff suffered from high blood pressure that required monitoring at least initially on a daily basis.  Over the next several months, Plaintiff claims that Detention Center officials failed to monitor

his blood pressure on a daily basis per his doctor's orders.  From the record, it does appear that Plaintiff's blood pressure was not monitored as ordered.

Plaintiff argues that this failure is attributable to the municipality because it failed to adequately train the deputies to take blood pressure readings.  Defendants state that no specialized training is necessary because "deputies who take blood pressure and are not trained EMTs use automatic blood pressure devises" that require no training.  In support of their position, Defendants submitted the affidavit of David Osborne, the jailer of the Daviess County Detention Center.  Mr. Osborne explains the training provided to deputies in relation to blood pressure:

> Kentucky Administrative Regulations require detention centers to have at least one EMT in residence.  We usually have several EMTs on all shifts, but always at least one.  They are involved in blood pressure checks of inmates and are trained in EMT class to use the traditional stethoscope method to take blood pressure or could use the automatic blood pressure checker.  Non-EMT deputies also take blood pressure by using an automatic blood pressure checker.  Normally inmates' blood pressure would be checked by use of the automatic checkers and no formal training is required for using these devices.  Directions are printed on the device and you simply place the cuff on the arm and push the button.  The machine inflates the proper amount of pressure and then gives a reading. . . . The automatic blood pressure checkers were in use during Mr. Browder's incarceration at the Daviess County Detention Center.  The deputies taking blood pressure are trained to recognize abnormally high or low pressure, and to report any abnormal pressure to the medical staff or a supervisor if medical staff is not on the premises.

Plaintiff's response does not present any evidence to contradict Defendants' assertions that the deputies were adequately trained in light of the equipment provided by the municipality. Rather, Plaintiff argues that the individual deputies for whatever reason failed to take his blood pressure and that "the county of Daviess, Kentucky is liable both as official municipality and as respondeat superior for the individual capacity claims based on the acts of negligence committed by the Defendants."

### III.  Analysis

As previously noted, only Plaintiff's official capacity claims against Defendants are at issue.  If an action for monetary damages is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Therefore, in the case at bar, Plaintiff's official capacity claims against Defendants are actually brought against Daviess County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court previously found that Defendants' failure to monitor Plaintiff's blood pressure could rise to the level of a constitutional violation in light of the fact that Plaintiff had been diagnosed with hypertension.  Thus, the Court must determine if Plaintiff has alleged facts sufficient to demonstrate that Daviess County is responsible for the violation.  The Court concludes that he has not done so in this case.

"A plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  *Id.* at 403-04.  "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to

4

liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.*
at 404.  "Beyond having to identify 'conduct properly attributable to the municipality itself,'"
*Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of
Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate
conduct, the municipality was the moving force behind the injury alleged." *Cherrington*, 344
F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal
quotation marks omitted).

"The courts recognize a systematic failure to train police officers adequately as custom or
policy which can lead to city liability." *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th
Cir. 2006).  The United States Supreme Court holds that the inadequacy of police training may
serve as the basis for § 1983 liability only where the failure to train amounts to deliberate
indifference to the rights of persons with whom the police come into contact. *City of Canton,
Ohio v. Harris*, 489 U.S. 378 (1989).  In *Canton*, the plaintiff alleged that the municipality's
failure to adequately train its police officers resulted in a violation of her right to receive medical
attention while in custody. *Id.* at 381.  In remanding her case for further consideration, the
Supreme Court stated that "it may happen that in light of the duties assigned to specific officers
or employees the need for more or different training is so obvious, and the inadequacy so likely
to result in the violation of constitutional rights that the policymakers of the city can be said to
have been deliberately indifferent." *Id.* at 390.  Thus, the Supreme Court clearly indicated that in
evaluating an inadequate training claim the focus should be on whether the training was adequate
"in relation to the tasks the particular officers must perform." *Id.*

In order to establish a failure-to-train claim in the Sixth Circuit, a plaintiff must establish

that: "1) the City's training program was inadequate for the tasks that officers must perform; 2) the inadequacy was the result of the City's deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury." *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)).

In this case, it appears that Daviess County placed deputies in charge of monitoring the detainees' blood pressure, if necessary.  Given that Daviess County assigned these duties to the deputies, it was responsible for providing them with adequate training and equipment to carry them out.  Defendants have presented evidence that many of its deputies are EMTs, and therefore, have all been trained to take blood pressure readings.  Defendants state that they provide uncomplicated automatic blood pressure machines for use by the deputies that are not trained EMTs.  Defendants state that the deputies are provided with easy-to-follow written directions for using the automatic checkers.  Given the type of equipment Daviess County provided to the deputies, the Court does not believe that specialized training was necessary under the circumstances, and Plaintiff has not presented any evidence to the contrary.

Finally, the Court turns to Plaintiff's argument that Daviess County should be liable "respondeat superior" for the "acts of negligence" committed by its individual officers and employees.  The Eighth Amendment/Due Process Clause is not implicated by a state official's mere negligent acts where no deliberate indifference is alleged by the plaintiff. *Daniels v. Williams*, 474 U.S. 327 (1986).  That being said, as the Court has previously recognized, it is entirely possible that under the facts alleged, Plaintiff might have been able to state individual capacity claims against certain Defendants for deliberate indifference.  However, Plaintiff failed to administratively exhaust his individual capacity claims prior to filing suit requiring the Court

6

to dismiss them on initial screening (DN 10).  Plaintiff cannot now attempt to hold Daviess County liable for the acts of individuals based on *respondeat superior* liability.  *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999).  Merely having the right to control employees or being aware of the misconduct is insufficient to establish liability.  *Leary v. Daeschner*, 228 F.3d 729, 740 (6th Cir. 2000).

Plaintiff failed to assert any factual allegations to support an action against Daviess County premised on supervisory liability.  He makes no allegations that Daviess County directly participated, encouraged, authorized or acquiesced in the claimed unconstitutional conduct.  Rather, he clearly seeks to hold the municipality liable simply because it employed certain officers and employees.  This is insufficient to assert a cognizable cause of action under § 1983.

Accordingly, for the reasons set forth above, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's remaining claim.  The Court will enter an order consistent with this memorandum opinion.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.008