**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:05CV-P9-M**

JOE ALEXANDER BROWDER, JR.                                                    PLAINTIFF

v.

NANCY ANKROM *et al.*                                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' motions to dismiss and/or for summary

judgment[1] (DNs 127 & 128); Plaintiff's motions for summary judgment, for findings of fact and

conclusions of law, and for an evidentiary hearing (DN 130); Plaintiff's motion for injunction or

other appropriate order (DN 145); and Plaintiff's motion for relief from judgment (DN 149).

Fully briefed, this matter is ripe for decision.  For the reasons set forth below, the Court will

grant Defendant Ankrom summary judgment, deny Defendants Estes and Buchanan summary

judgment, deny Plaintiff's pending motions, and refer Plaintiff's claims against Defendants Estes

and Buchanan to the Magistrate Judge for a settlement conference.

## I.  PENDING INTERLOCUTORY APPEAL

Before proceeding further, the Court observes that Plaintiff currently has an interlocutory

appeal pending in the Sixth Circuit challenging several non-dispositive decisions of this Court.

"As a general rule, a district court no longer has jurisdiction over an action as soon as a party

files a notice of appeal" unless "the appeal is untimely, presents issues that the appellate court

had previously decided in the same case, ***or is from a non-final, non-appealable order***." *Pittock*

---

[1] Because Defendants relied on an affidavit from Jailer Osborne (DN 132) to support
their motion to dismiss, the Court has treated the motion to dismiss (DN 127) as one for
summary judgment.  Plaintiff has been afforded an opportunity to engage in discovery to respond
to the motion.

*v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (emphasis added) (citing *Lewis v.*

*Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)). In this case, the Court has reviewed the notice of

appeal filed by Plaintiff (DN 136) and has concluded that it arises from a non-final,

non-appealable order (DN 131). "A notice of appeal from a plainly non-appealable order may

properly be ignored by the district court." *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir.

1981). Accordingly, while the district court lacks jurisdiction to outright dismiss the improper

appeal, *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994), it may nevertheless proceed to

adjudicate the merits of the underlying action as if the improper appeal had not been filed.

*Cochran*, 641 F.2d at 1222. To hold otherwise, would be to allow "a litigant to deprive the court

of jurisdiction at any and every critical juncture merely by filing a notice of appeal from any

non-appealable order entered in the district court." *Id.* (quoting *Hodgson v. Mahoney*, 460 F.2d

326 (1st Cir. 1972)). Upon its review of the pending notice of appeal filed by Plaintiff, the Court

finds that it is an attempt to appeal a non-final, non-appealable order, and therefore, does not

divest this Court of its jurisdiction.

## II. PROCEDURAL HISTORY

On or about January 18, 2005, Plaintiff filed this action against Nancy Ankrom, Chief

Deputy of Operations at the Daviess County, Kentucky, Jail; and Sara Estes and Tammy

Buchanan, nurses at the Daviess County Jail. On initial screening of the complaint pursuant

to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997), the Court

dismissed Plaintiff's individual capacity claims against Defendants for failure to properly

exhaust his administrative remedies prior to filing suit. The Court allowed Plaintiff's official

capacity claims to proceed for further development, but ultimately dismissed the remaining

claims on summary judgment.  Plaintiff appealed to the Sixth Circuit.  By Order entered October

4, 2007, the Sixth Circuit affirmed this Court's order granting summary judgment in favor of

Defendants with respect to Plaintiff's official capacity claims, but vacated the order dismissing

Plaintiff's individual capacity claims.  The Sixth Circuit's decision to vacate the dismissal was

based on *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007), which was decided after the district

court rendered its decision.  In *Jones*, the Supreme Court held that the Sixth Circuit's (and a

minority of other courts') practice of imposing heightened pleading standards on prisoner 42

U.S.C. § 1983 cases was not required by the Prison Litigation Reform Act ("PLRA"), and

therefore, exceeded the proper limits of the judicial role.  The Supreme Court concluded that

"failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to

specially plead or demonstrate exhaustion in their complaints."  *Id.*  Thus, as an affirmative

defense, exhaustion must normally be pled and proven by the defendant.  Accordingly, the Sixth

Circuit held that it was error for this Court to have dismissed Plaintiff's individual capacity

claims for failure to exhaust at the initial screening stage.  The Sixth Circuit then remanded the

case back to this Court for adjudication of Plaintiff's individual capacity claims.

Thereafter, this Court entered an order on November 13, 2007, requiring Defendants to

file an answer addressing the Fourteenth Amendment denial of medical care claim in connection

with the individual capacity allegations.  Defendants complied by filing an answer.  Defendants

have now moved for summary judgment/dismissal on the grounds: 1) that Plaintiff did not

properly exhaust his administrative remedies prior to filing suit because he did not name

Defendants individually in his grievances; and 2) that Plaintiff's complaint does not state a claim

against Defendants because it does not specify their actions and because Defendants did not

personally dispense daily medications or monitor blood pressure on a regular basis.

### III. FACTS

On September 25, 2004, Plaintiff was lodged in the Daviess County Jail as a pretrial detainee following his arrest for unspecified charges. At the time of his arrest, Plaintiff states that he was taking various forms of prescribed medication for different medical issues (DN 1). Two of those medications, Propranolol and Hydrochlorothiazide, treated Plaintiff's high blood pressure. Over the next few months, Plaintiff claims that various Jail officials failed to provide his blood pressure medication and failed to monitor his blood pressure on a daily basis per his doctor's orders. He filed many medical request forms in addition to grievances over the matter.

Sometime in the fall of 2004, Plaintiff began to experience difficulty with his vision, frequent chest pains, dizziness, and headaches. He reported these problems to the medical staff at the Jail. At least one of the attachments to Plaintiff's complaint indicates that he filled out a medical request form related to his blood pressure medicine that was assigned to Defendant Estes (DN 1). Plaintiff also submitted a medical request form to Defendant Buchanan in November complaining of headaches and distorted vision. *Id.* Defendant Buchanan responded that Plaintiff could obtain Ibuprofen via the commissary. *Id.* Finally, after experiencing pronounced distortions in his vision, Plaintiff claims that he was taken to an opthamologist on December 6, 2004, who found a blood vessel blockage and hemorrhage in the retina of his right eye. Plaintiff's medical records confirm that: "On examination [Plaintiff] was found to have 10/400 vision in the right [eye] and 20/20 in the left." The doctor informed Plaintiff that his condition could have been caused by "poorly controlled hypertension." Plaintiff alleges that he was advised by his doctor that his vision will never improve in his right eye and that he is now

4

considered to be legally blind in that eye. Plaintiff alleges that Defendants' failure to provide him with his blood pressure medication as prescribed and to properly monitor his blood pressure caused this damage.

In its prior Opinions for the purposes of summary judgment, this Court found that there were several instances in which Plaintiff did not receive his blood pressure medicine as prescribed and also did not have his blood pressure monitored as it should have been (DN 68).

## IV. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than show there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."

5

*Anderson*, 477 U.S. at 252.

## V.  ANALYSIS

### A.  Exhaustion

The Supreme Court recently held that exhaustion under the PLRA is defined by the prison's grievance procedures, not by the text of the PLRA itself.  *Jones*, 549 U.S. 199, 127 S. Ct. 910.  Specifically, the Court overturned Sixth Circuit precedent that required automatic dismissal for a plaintiff's failure to individually name the defendants in a grievance prior to filing suit.  The Court held that "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."  549 U.S. at __, 127 S.Ct. at 922-23. The sufficiency of exhaustion is determined by looking to the prison's procedural rules governing the naming of individuals during the grievance procedure.  *Id.*  The PLRA only requires exhaustion of "such remedies as are available."  *Id.*  In light of the Supreme Court's holding in *Jones*, this Court must look to the Daviess County Jail's guidelines to determine whether Plaintiff properly exhausted his administrative remedies prior to filing suit.

Defendants argue that Plaintiff did not properly exhaust his administrative remedies because he failed to name the individual defendants in his grievances.  In support of their motion, Defendants have submitted a copy of the Jail's grievance procedure.  It is entitled "Written Prisoner Grievance Procedure That is Available to All Prisoners."  In relevant part, it provides: "The grievance shall state fully the time, date and name(s) of the prisoner(s) and/or staff member(s) involved, pertinent details of the incident, including the name(s) of any witnesses."  (DN 127, Ex. A).

In response, Plaintiff submitted a document that he alleges that the Jail provided him

6

entitled "Inmate Rights."  (DN 130, Ex. A).  One section of that document deals with the

grievance procedure.  It states:

### GRIEVANCE PROCEDURES

A.  Any inmate will be allowed to file a grievance if he/she has been subject to abuse harassment, and/or violation of civil rights or has been denied privileges without justification.
B.  Such grievances shall be written on the approved forms provided by the facility to the inmates on a daily basis.
C.  An inmate shall not fear against reprisal for initiating grievance procedures in an attempt to resolve a legitimate complaint.
D.  Grievances will be addressed by the person in charge of the area in question.  If a complaint is not resolved the administrative or operational sergeant then answers the complaint.  In the event that a reasonable solution cannot be reached a Captain will then address the complaint.  The jailer is the final answering  authority within the facility.  It is the jailer's discretion if any further action will be taken from that point.
E.  Civil rights complaint forms are available upon written request.  Inmates must completely exhaust the grievance system in place before requesting a civil rights form.

*Id.* at  7.

Based on the record, it is not clear whether Plaintiff received the document submitted by

Defendants entitled "Written Prisoner Grievance Procedure That is Available to All Prisoners,"

or only a copy of the "Inmate Rights."  On summary judgment the facts must be construed in the

light most favorable to the nonmoving party.  As such, the Court presumes that Plaintiff received

only the "Inmate Rights."  The Grievance Procedures section of that document is fairly

comprehensive in explaining the requirements and steps of the grievance process.  A requirement

that the inmate name individual staff members is not one of the steps that the document outlines.

Furthermore, while the document does specify that the inmate must submit his grievance on the

approved form, nothing about that form suggests that naming staff members is required.  Thus,

viewing the record in Plaintiff's favor, the Court finds that the grievance procedure as explained

to Plaintiff did not require that he name individual staff members.  The Court notes that even if

Defendants could establish that Plaintiff received both documents, the result would not change.

The "Inmates Rights" document was clearly meant to summarize the rights and responsibilities

of the inmates.  If Defendants wished the document to serve only as a supplement to their formal

grievance procedure then they should have included a passage referring the inmates to that

document for the specific requirements of submitting a grievance.  They did not do so.  The

document as written suggests that its purpose is to explain the grievance process and

requirements to inmates.  There is no requirement in the document that staff members be

individually identified in inmate grievances.  Plaintiff rightly relied on the "Inmate Rights"

document.  Based on this document, the Court concludes that Plaintiff properly exhausted his

administrative remedies prior to filing suit.

**B.     Allegations against individual defendants**

The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of

the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with

fair notice of the basis of the claim.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  The

complaint must contain more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*,

76 F.3d 716, 726 (6th Cir. 1996).  To state a claim for relief under § 1983, the plaintiff must

allege how each defendant was personally involved in the acts about which the plaintiff

complains.  *Rizzo v. Goode*, 423 U.S. 362, 375 (1976).  Supervisory responsibility alone fails to

state a claim of relief under § 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978);

*Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Nancy Ankrom is the Chief Deputy of Operations at the Daviess County, Kentucky Jail.

"During Nancy Ankrom's employment at the detention center while Joe A. Browder, Jr. was an inmate, she had no responsibility for dispensing medication to inmates or providing any type of medical treatment." (Osborne Aff. at 1, DN 132). Plaintiff has failed to rebut this assertion. Moreover, Defendant Ankrom is not mentioned in either the body of Plaintiff's complaint or its attached exhibits. Accordingly, Defendant Ankrom is entitled to summary judgment because Plaintiff has not stated a cognizable claim against her.

The same cannot be said for Defendants Estes and Buchanan. Both were nurses at the Jail and were in charge of inmate care. Defendants aver that "it was not their responsibility to take the blood pressure of inmates on a regular basis or to dispense medication." *Id.* While Defendants state that Nurses Estes and Buchanan were not in charge of dispensing medicine, it is not clear whether they were responsible for ensuring that inmates' prescriptions were kept up to date and placed on the medicine cart for distribution. This is crucial because while it has been established that Plaintiff did not receive several doses of his medication as prescribed, it has not been established why. It is conceivable that Plaintiff did not receive the medication because Defendants failed to reorder his prescriptions or because they failed to put them on the medicine cart. Additionally, Plaintiff's complaint and attached exhibits make it clear that Plaintiff informed both Defendants that he was not receiving his blood pressure medication, that his blood pressure was not being monitored, and that he was experiencing symptoms that could be related to his chronic high blood pressure (headaches and poor vision). For the purposes of summary judgment, the Court concludes that Defendants Estes and Buchanan have failed to show that they are entitled to judgment as a matter of law. Accordingly, the Court will deny Defendants' motion for summary judgment with respect to Plaintiff's claims against Defendants Estes and Buchanan.

9

## VI. PLAINTIFF'S PENDING MOTIONS

Plaintiff states that he is entitled to summary or declaratory judgment because he has established exhaustion of administrative remedies.  Plaintiff also states that he is entitled to a "trial by jury as well as all other just and proper relief."  Exhaustion of administrative remedies is an affirmative defense.  While a plaintiff's failure to exhaust may entitle a defendant to summary judgment, a plaintiff's completion of exhaustion does not guarantee a successful outcome once suit has been filed.  Accordingly, the Court will deny Plaintiff summary judgment. Plaintiff's remaining claims will be referred to the Magistrate Judge for a settlement conference. If the settlement conference is unsuccessful, Plaintiff may proceed to trial before a jury.

Plaintiff has also moved for "findings of fact, conclusions of law and for an evidentiary hearing."  The Court's findings with respect to the pending summary judgment motions are set forth above.  The Court has determined that an evidentiary hearing is not warranted to resolve the summary judgment motions.  Accordingly, Plaintiff's motion will be denied as moot.

On April 15, 2008, Plaintiff requested the Court to issue an injunction against Kentucky State Prison officials.  In his motion, Plaintiff stated that prison officials were frustrating his efforts to properly pay the $455.00 appellate filing fee with respect to a notice of appeal he filed in this action.  A review of the docket sheet shows that the appellate filing fee has now been received and docketed by this Court.  A receipt has been mailed to Plaintiff.  Accordingly, Plaintiff's motion will be denied as moot.

Finally, Plaintiff has filed a "motion for relief from judgment and order."  Plaintiff argues that the Court should vacate its March 4, 2008, Order because defendants have committed fraud on the Court.  Plaintiff claims that Defendants fraudulently misrepresented the law of

10

exhaustion to the Court.  The Court has resolved the exhaustion issue in favor of Plaintiff.

However, the Court finds no fraud or misrepresentation on Defendant's part.  Accordingly,

Plaintiff's motion will be denied.

       The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record

4414.008